JUSTICE BAKER,
concurring.
¶26 I agree with the Court’s resolution of Spoja’s appeal and write separately to make one observation.
¶27 The District Court denied summary judgment on the malicious prosecution claim because it determined that whether a “reasonable person” would have obtained a transcript of the sentencing hearing before deciding to accuse Spoja of malpractice was a question for the jury. The court’s contrary conclusion upon hearing the trial evidence was not in error, given that even the sentencing judge was persuaded to issue an amended judgment. But, in my view, Tipp acted irresponsibly when he simply relied on the clerk of court’s minute entry in initiating his claim. The official record of the proceedings is the transcript, not the clerk’s minute entry. There is nothing speculative about the idea that confirming the content of the official records is more diligent than assuming the minute entry is complete and accurate. As the District Court observed in its summary judgment ruling, “Tipp would simply have had to make the request to the court reporter and, once obtaining the transcript, review it to confirm the other information he had available.”
¶28 Accusing a lawyer of professional negligence is a serious matter; although the clerk’s minute entry and the judge’s subsequent issuance of a corrected judgment certainly lent credence to Tipp’s belief, he filed a civil action for damages against Spoja in court on the ground that Spoja .had committed malpractice, without checking the record to confirm his belief. While the District Court properly assessed that Spoja’s allegations in this regard “related more to a negligence claim than [to] intentional acts of malice[,]” a lawyer should not sue another person for professional negligence based on matters occurring in open court without confirming the official record of the proceedings. This entire mess easily could have been avoided.
JUSTICE McKINNON joins in the concurring Opinion of JUSTICE BAKER.